## THE SUCCESSION AS THE HEIRS OF FRANCISCO DE LOS REYES CORREA, Plff.,

*v.*

## WILLIAM P. KRAMER, Dft.

San Juan, Law, No. 1652.

Opinion filed March 25, 1924.

*Mr. Willis Sweet* for plaintiff.

*Mr. John L. Gay,* United States District Attorney, for defendant.

ODLIN, Judge, delivered the following opinion:

This action was instituted in the second division of the Insular district court of Porto Rico at San Juan, and was removed by the attorney for the defendant to this court. There has been filed a motion to remand, based upon the following grounds, to wit: First, that this court is without jurisdiction upon the

ground of diverse citizenship, because the plaintiffs are all domiciled in Porto Rico and the domicil of the defendant is not shown, even though it be immaterial; second, it is alleged by the counsel for the plaintiff in his motion to remand that the defendant is only a formal party without any interest to be affected as the result of this action, and is not therefore entitled to ask for any removal from the Insular court to the Federal court; and third, because so far as it appears in the petition for removal the defendant may have his domicil in Porto Rico.

I will briefly discuss these grounds in order. So far as the allegations in the first ground are to be considered, it is alleged by the attorney for the plaintiff in his motion to remand that the plaintiffs all have their domicil in Porto Rico, which allegation is a very important one, but it does not appear in the petition for removal that the plaintiffs are all domiciled in Porto Rico. It must be remembered that the jurisdiction of this court is very far from being the same as the jurisdiction of a district of the United States sitting outside of Porto Rico. The Congressional Act of 1917, commonly called the Organic Act for Porto Rico, contains a peculiar clause which actually makes the jurisdiction of this court in civil cases restricted to controversies where the parties on one side are domiciled in Porto Rico and the parties on the other side are not domiciled in Porto Rico. Diversity of citizenship alone is sufficient to confer jurisdiction upon a district court of the United States sitting in any one of the forty-eight states of the Union, but diversity of citizenship alone is not sufficient to confer jurisdiction upon the United States district court for Porto Rico. By reason of this fact, although I am clear that the petition for

removal is defective, I cannot agree with the statement made by counsel for the plaintiff that the domicil of the defendant is immaterial. It is very clear to me that the domicil of the defendant is absolutely material; because it being admitted that all the plaintiffs are domiciled in Porto Rico, if it should be disclosed that the defendant himself was also domiciled in Porto Rico, it would necessarily follow that the litigation could neither be instituted in nor transferred to the Federal court. I therefore hold that the first ground in the motion to remand is not properly stated.

Coming to the second ground of the motion to remand, counsel alleges that the defendant is only a formal party without any interest to be affected as a result of this action, and is not therefore entitled to ask for a transfer to this court. If this statement be true, it seems to me that counsel for the plaintiff is bound to disclose in his motion to remand who is the actual party defendant, in order that this court may know intelligently the nature of the litigation. In other words, if parties domiciled in Porto Rico see fit to bring an action in the Insular court involving property of a value exceeding $3,000, exclusive of interest and costs, against a person who is merely a formal party, it is impossible for this court to act intelligently upon the question of removal or nonremoval until this court is made aware who is the actual party defendant, whose rights may be affected by the result of the litigation.

Coming to the third ground of the motion to remand, it seems to me that it is well taken. It is alleged that so far as appears from the petition for removal the defendant Kramer may have his own domicil in Porto Rico. If this be true, then his domicil would be the same as that of the plaintiffs, and the litigation

could neither be instituted in this court nor removed to this court.

The absence from the petition for removal of any direct, specific allegation as to the domicil of the defendant would require me to hold the petition for removal fatally defective, and to grant this motion to remand, except for the provision in § 274c of the Judicial Code, which provides for an amendment by either party, at any stage of the proceedings, of the petition for removal. This is also found in 38 Stat. at L. page 956, chap. 90, Comp. Stat. § 1251 c, 5 Fed. Stat. Anno. 2d ed. 1059.

Hence it follows, that before remanding this case to the Insular district court, it is the duty of this court to allow counsel for the defendant a reasonable opportunity to amend his petition for removal, so that this court may be made aware whether the proper diversity of domicil exists or does not exist.

It is therefore the order of this court that the motion to remand be granted, unless counsel for the defendant shall on or before the 5th day of April, 1924, file a proper amendment to his petition for removal.

To this order and opinion counsel for the plaintiff excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 25tn day of March, 1924.